OPINION
Defendant-appellant Paul Stahl appeals from the denial of his petition for post-conviction relief, following a hearing. Stahl contends that the trial court erred in failing to find that his negotiated plea of guilty to Aggravated Burglary was the result of ineffective assistance of counsel. Stahl contends that his trial counsel should have obtained the name of a potential witness from the police report, contacted the witness, evaluated his testimony, and then advised Stahl of a compelling defense to the charge to which he pled guilty. We conclude that the evidence produced at the hearing failed to establish the facts upon which Stahl's claim of ineffective assistance of counsel was predicated, and, more importantly, failed to establish that he was prejudiced as a result of his trial counsel's alleged ineffectiveness. Accordingly, the trial court's denial of Stahl's petition for post-conviction relief is Affirmed.
 I
Stahl was charged with two counts of Aggravated Burglary and one count of Arson. Stahl was alleged to have broken into the apartment where his common-law wife was staying, following a domestic dispute, of having stolen a television set and a bottle of liquor, and of having set a fire inside the apartment.
Stahl entered into a plea bargain with the State wherein he pled guilty to one count of Aggravated Burglary (evidently the count involving the alleged taking of the television set), and the other two counts were dismissed. Stahl's plea was accepted, and he was sentenced accordingly.
Stahl attempted to file a delayed appeal, but his motion for leave to appeal was denied. Subsequently, Stahl filed a petition for post-conviction relief in the trial court. The State moved for summary judgment, the trial court granted the State's motion, and denied Stahl's petition without a hearing.
The order denying Stahl's petition for post-conviction relief without a hearing was reversed on appeal, and this cause was remanded for a hearing. A hearing was held. Following the hearing, the trial court again denied Stahl's petition for post-conviction relief, and Stahl now appeals from that denial.
 II
Stahl's assignments of error are as follows:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT APPELLANT'S PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE, SINCE IT WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL BY REASON OF COUNSEL'S INCORRECT LEGAL ADVICE CONCERNING THE ABSENCE OF POTENTIAL DEFENSES AVAILABLE TO APPELLANT.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF, SINCE APPELLANT'S CLAIM FOR RELIEF WAS SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE.
Essentially, Stahl contends that the trial court reached the wrong result in denying his petition for post-conviction relief.
At the hearing, Stahl presented three witnesses in his behalf, including himself.
Stahl testified that his trial counsel told him that he "didn't have any defenses and that if [he] took it to trial, that [he] would receive so much time. It would be hundreds of years or something." In his answer to the next question, Stahl acknowledged that his trial counsel just told him that there would be "a bunch" of years he would be facing if he did not take the deal the State was offering.
Stahl contends that his trial counsel was ineffective for having failed to advise him of potential defenses to the charges he was facing. One of these, a potential defense to the Aggravated Burglary charges, was suggested by our decision inState v. Brooks (1995), 101 Ohio App.3d 260. In that case, we opined that one spouse has a statutory privilege not to be excluded from the other spouse's dwelling, except pursuant to court order citing R.C. 3103.04, so that one spouse cannot be held criminally liable for trespass in the dwelling of the other spouse. Accordingly, a spouse could not be found guilty of burglary in the other spouse's dwelling, since criminal trespass is an element of burglary. That was the view of this court. However, we were reversed in State v. Lilly (1999), 87 Ohio St.3d 97, wherein the Ohio Supreme Court held that a spouse does not enjoy a privilege to trespass in the other spouse's dwelling.
The other potential defense involves the taking of the television set. Concerning this offense, Eugene Rich testified that he accompanied Stahl when Stahl broke into Melissa Warner's apartment, where Stahl's wife was staying. Rich testified that the television set was owned by his employer, Easyway Rent to Own, and that he had arrived at Stahl's apartment for the purpose of repossessing the television set, because Stahl, his wife, or both of them, who had been renting the set, were in default in their payments. Rich testified that Stahl said his wife was supposed to have returned the television set, and that Stahl surmised that she had the television set. Rich testified that he had Stahl in view after Stahl broke into the apartment, and that Stahl picked up the television set, carried it out of the apartment, and then delivered it into Rich's possession. Theft requires, as an element, a purpose to deprive the owner of property. Because the theft of the television set was the predicate offense for the burglary charge, Stahl might have had a compelling defense to that charge if Rich's testimony were to be believed.
Stahl contends that his trial counsel was ineffective for having failed to note that Rich was listed in the police report, for having failed talk to Rich, for having failed to evaluate Rich's potential testimony, and for having failed to advise Stahl of the strength of his defense to that charge.
This claim of ineffective assistance of trial counsel suffers from two fatal flaws. First of all, Stahl presented no evidence that his trial counsel, who is presumptively competent, failed to contact Rich and evaluate Rich's potential testimony. Rich was never asked whether Stahl's trial counsel had contacted him or talked to him about the case. Stahl's original trial counsel may have talked to Rich and concluded, based on his discussion with Rich, that Rich would not be a good witness. There is nothing in the evidence presented at the hearing on Stahl's post-conviction relief petition inconsistent therewith.
A further difficulty is that Stahl did not testify that he would have refused the plea bargain offered by the State had he known that he had a good defense to one of the Aggravated Burglary charges. As the State points out in its brief, the police report, which was a joint exhibit received in evidence at the post-conviction relief hearing, suggests that there was impressive evidence against Stahl on the other two charges. This evidence included a threat that Stahl had made to "torch" the place where his wife was staying, a witness who saw a man matching Stahl's description walking towards the building carrying a two-gallon gas can shortly before the fire, the finding of the missing bottle of liquor in Stahl's apartment, the finding of two pair of Stahl's jeans soaking in the bathtub with black spots of the same color as auto body undercoat or primer spray found at Warner's apartment, the finding of black spots of the same color as the auto body undercoat appearing on the clothes Stahl was wearing at the time of his arrest, the interviewing police officer's noticing that Stahl, during the interview, appeared to have singed eyelashes and a singed beard, and the fact that Stahl initially denied having been in Warner's apartment for the past three weeks, and only subsequently acknowledged having entered the apartment to get the televison set.
In short, although there was a problem with the Aggravated Burglary count involving the television set because of the fact that Stahl may have been intending merely to return it to its rightful owner, we agree with the trial court that the evidence pertaining to the other two counts was overwhelming. Consequently, the State's offer to dismiss one count of Aggravated Burglary and the Arson count in exchange for Stahl's guilty plea to one count of Aggravated Burglary count was inherently attractive, even if Stahl may have had a good defense to the one Aggravated Burglary count involving the television set. Ironically, it appears that the Aggravated Burglary count to which Stahl actually pled guilty was the count involving the television set, but that is immaterial in view of the fact that the other counts, for which there appears to be overwhelming evidence, were dismissed.
Thus, it is inherently unlikely that Stahl would have refused the plea bargain offer by the State had he known that he had a strong defense to one of the Aggravated Burglary counts. This, coupled with his failure to testify, at the post-conviction relief hearing, that he would have rejected the plea bargain, had he known that he had a strong defense to the one Aggravated Burglary count, persuades us that he has failed to establish that the alleged ineffective assistance of his trial counsel was prejudicial in the sense that it caused him to accept the plea bargain offered by the State. To demonstrate prejudice in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." Hill v. Lockhart (1985),474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, followed in State v. Xie
(1992), 62 Ohio St.3d 521, 524. Even if we were to assume that Stahl's trial counsel failed to interview Rich, failed to evaluate Rich's testimony properly, and failed to communicate the significance of Rich's potential testimony to his client, we cannot conclude, based upon the record before us, that Stahl has shown that there is a reasonable probability that, but for his trial counsel's errors, he would not have taken the plea bargain offered by the State.
Accordingly, both of Stahl's assignments of error are overruled.
 III
Both of Stahl's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
Kirsten A. Davies
Charles A. Smiley, Jr.
Hon. Barbara P. Gorman